NO. 4:11-CV-3305

_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION
_____

DALE CARLTON, PATRICK TAYLOR AND DONNIE KEE,

PLAINTIFFS

V.

OUTWEST BUILDERS, LLC. AND DONALD RICHARD EVANS, JR.,

DEFENDANTS

_____

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
_____

TOW & KOENIG, PLLC.
Julie M. Koenig
Fed.Id No. 10396
Texas State Bar No. 14217300
26219 Oak Ridge Drive
The Woodlands, Texas 77380
(281) 681-9100 Telephone
(832) 482-3979 (Telecopier)

ATTORNEY IN CHARGE FOR
DEFENDANTS, OUTWEST BUILDERS,
LLC. AND DONALD RICHARD
EVANS, JR.

**Table of Contents**

I.   Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.   Nature and Stage of the Proceeding . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  Issues Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.   Summary Judgment Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.   Issues: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        (1)  Neither the Plaintiffs nor the Defendants were engaged in
        commerce and therefore are not subject to the provisions of the
        Fair Labor Standards Act §203(s)(1)(A)(I). . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

        (2)  The Defendants did not have an annual gross volume of sales
        made or business done of $500,000 or more and therefore are not
        subject to the provisions of the Fair Labor Standards Act
        §203(s)(1)(A)(ii). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6

        (3)  The Plaintiffs were subcontractors for the Defendants, not
        employees, and therefore are not subject to the provisions of the
        Fair Labor Standards Act §203(d) & (e)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 8

        (4)  The Plaintiffs were subcontractors for the Defendants, not
        employees, and therefore are not subject to the provisions of the
        Texas Labor Code §61.001(3), (4) & (5). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9

III. Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.  Argument and Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.   Summary Judgment under the Fair Labor Standards Act §203(s)(1)(A)(i) . . . . . . 5

    B.   Summary Judgment under the Fair Labor Standards Act §203(s)(1)(A)(ii) . . . . . 6

    C.   Summary Judgment under the Fair Labor Standards Act §203(d) & (e)(1) . . . . . 8

    D.   Summary Judgment under the Texas Labor Code §61.001, et seq. . . . . . . . . . . . . 9

        (1)   Donnie Kee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        (2)    Dale Carlton & Patrick Taylor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

V.    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

VI.    Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    Affidavit of Donald Richard Evans, Jr. - Exhibit "A".

# Table of Authorities

**Cases:**

*Alvarado v. Old Republic Ins. Co.,* 951 S.W.2d 254, 259
(Tex.App.–Corpus Christi 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . 2

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) . . . . . . 2

*Duffie v. U.S.*, 600 F.3d 362, 371 (5th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Duran v. Furr's Supermarkets, Inc.*, 921 S.W.2d 778, 786
(Tex.App.–El Paso, 1996, writ denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Hoechst Celanese Corp. v. Compton*, 899 S.W.2d 215, 220
(Tex.App.–Houston [14th Dist.] 1994, writ denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301
(5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . 2

*Martinez-Pinillos v. Air Flow Filters, Inc.*, 738 F. Supp2d 1268, 1274-75 (S.D. FL. 2010) . . 6, 7

*Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). . . . . . . . . . . . . . 3

*Pitchfork Land & Cattle Co. v. King*, 346 S.W.2d 598, 602-03 (Tex.1961) . . . . . . . . . . . . . . . . 11

*Resolution Trust Corp. v. Texas Moline Ltd.*, 96 F.Supp.2d 644, 648 (S.D.TX 2000) . . . . . . . . 10

*Thompson v. Travelers Indem. Co.,* 789 S.W.2d 277, 278 (Tex. 1990) . . . . . . . . . . . . . . . . 10, 11

*Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) . . . . . . . . . . . . . . . 6

*Tripodi v. Microculture, Inc.*, 397 F. Supp.2d 1308, 1313 (D. Utah 2005) . . . . . . . . . . . . . . . . . 7

**Statutes:**

29 U.S.C.A. §203(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6

29 U.S.C.A. §203(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 8, 9

29 U.S.C.A. §203(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 8, 9

29 U.S.C.A. §203(s)(1)(A)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 5, 6

29 U.S.C. § 203(s)(1)(A)(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 6, 7, 8

V.T.C.A. Labor Code §61.001(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9, 10

V.T.C.A. Labor Code §61.001(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9, 10

V.T.C.A. Labor Code §61.001(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9, 10

**Rules:**

Federal Rules of Civil Procedure 56(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rules of Civil Procedure 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DALE CARLTON, PATRICK TAYLOR and DONNIE KEE,<br>    Plaintiffs | §<br>§<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 4:11-cv-3305 |
| | § | |
| OUTWEST BUILDERS, LLC. and DONALD RICHARD EVANS, JR.<br>    Defendants | §<br>§<br>§ | JURY TRIAL DEMANDED |

## Defendants' Motion for Summary Judgment

**TO THE HONORABLE KENNETH M. HOYT,**
**UNITED STATES DISTRICT JUDGE:**

Pursuant to Fed. R.Civ.P. 56(a), Outwest Builders, LLC and Donald Richard Evans, Jr., Defendants, respectfully submit the following motion for summary judgment against Dale Carlton, Patrick Taylor, and Donnie Kee, Plaintiffs, and would show that there are no issues of material fact with regard to the issues submitted herein for summary disposition and request the Court enter judgment as a matter of law on these issues.

### I.  Preliminary Statement

**A.    Nature and Stage of Proceedings**

1.   Dale Carlton, Patrick Taylor and Donnie Kee, Plaintiffs, filed their Original Complaint and Certificate of Interested Parties on September 8, 2011.  On October 24, 2011 the Defendants jointly filed their Original Answer.  An Order Following Telephone Scheduling Conference was entered on December 5, 2011 setting a discovery cut-off of July 31, 2012, a dispositive motion cut-off of July 31, 2012, and a docket call for 11:30

a.m. on September 10, 2012.

2. Plaintiffs' claims arise under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq.*, (the "FSLA"), and the Texas Labor Code, Chapter 62. Specifically, Plaintiffs assert that, at all time pertinent, they were non-exempt employees of one or more of the Defendants and that they were not paid overtime wages for all hours worked in excess of forty (40) hours.

3. This Motion seeks summary disposition of all of the issues presented by the Plaintiffs.

## II. Issues Presented

**A.    Summary Judgment Standard:**

4. Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[1]  "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact.'[2]  While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case.[3]

5. When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings.[4] '[T]he nonmovant must identify specific evidence in the record and articulate the manner

---

[1]  *Duffie v. U.S.*, 600 F.3d 362, 371 (5th Cir. 2010); *citing* Fed.R.Civ.P.56(c).

[2]  *Id.*, at p. 371; *quoting Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

[3]  *Id*, at p. 371, *citing Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citations omitted).

[4]  *Id*, at p. 371.

in which that evidence supports that party's claim'.[5] Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence.[6]

**B. Issues:**

6. Neither the Plaintiffs nor the Defendants were engaged in commerce and therefore are not subject to the provisions of the Fair Labor Standards Act §203(s)(1)(A)(i).

7. The Defendants did not have an annual gross volume of sales made or business done of not less than $500,000 and therefore are not subject to the provisions of the Fair Labor Standards Act §203(s)(1)(A)(ii).

8. The Plaintiffs were subcontractors for the Defendants, not employees, and therefore are not subject to the provisions of the Fair Labor Standards Act §203(d) & (e)(1).

9. The Plaintiffs were subcontractors for the Defendants, not employees, and therefore are not subject to the provisions of the Texas Labor Code §61.001(3), (4) & (5).

### III. Summary of Argument

10. Summary Judgment should be granted in favor of the Defendants and against the Plaintiffs on all issues for the following reasons:

    a. Defendant Donald Richard Evans, Jr. ("Evans") is a full time employee of Saudi Aramco Services.[7]

    b. Defendant Outwest Builders, LLC. ("Outwest") is a limited liability company

---

[5] *Id*, at p. 371, *citing Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004), (citations omitted).

[6] *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[7] See Exhibit "A" - Affidavit of Evans, ¶ 4.

        which was formed by Evans on March 10, 2010. It was created by Evans to act as a general contractor for remodeling jobs for friends, co-workers and referrals. It is essentially a "side businsess" that Evans utilizes to provide additional income for his family.[8]

c.     Under the Fair Labor Standard Act ("FSLA"), an enterprise engaged in commerce is an enterprise engaged in trade, commerce, transportation, transmission or communication among the several States or between any State and place outside thereof.[9]

d.     Neither Evans nor Outwest do business among the several States or between any place outside thereof.[10]

e.     Under the FSLA an "enterprise engaged in commerce" within the meaning of the overtime provisions is an enterprise that grosses $500,0000 per year or more.[11]

f.     Outwest grossed $62,500.00 in the tax year 2010 and $82,996.00 in the tax year 2011.[12]

g.     Outwest was not in business in the years 2008 or 2009.[13]

h.     Remodeling is not a Defendant in this lawsuit.

---

[8] See Exhibit "A" - Affidavit of Evans, ¶ 4.

[9] 29 U.S.C.A. §203(s)(1)(A)(i); 29 U.S.C.A. §203(b).

[10] See Exhibit "A" - Affidavit of Evans, ¶ 8

[11] 29 U.S.C. § 203(s)(1)(A)(ii)

[12] See Exhibit "A" - Affidavit of Evans, ¶ 9, and Exhibits "B" & "C".

[13] Prior to 2010, Evans owned a limited liability company named Outwest Remodeling, LLC. ("Remodeling") which performed essentially the same function as Outwest. Remodeling grossed $23,336.46 in the tax year 2008 and $34,026.20 in the tax year 2009. See Exhibit "A" - Affidavit of Evans ¶¶ 4 & 5, Exhibits "D" & "E".

      i.      Outwest is not an "enterprise engaged in commerce" under the FSLA. Therefore the overtime provisions of the FSLA do not apply to Outwest or Evans.

      j.      Outwest only hires independent contractors to work on its construction jobs so the provisions of FSLA and the Texas Labor Code do not apply to Outwest or Evans.[14]

## IV. Argument and Authorities

**A.** **Summary Judgment under the Fair Labor Standards Act §203(s)(1)(A)(i):**

**Issue 1:** Neither the Plaintiffs nor the Defendants were engaged in commerce and therefore are not subject to the provisions of the Fair Labor Standards Act §203(s)(1)(A)(i).

11.    Section 203(s)(1)(A)(i) of the FSLA states:

(s)(1) "Enterprise engaged in commerce or in the production of goods for commerce" means an enterprise that -

    (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person...[15]

12.    "Commerce" means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof.[16]

13.    "Employee" means any individual employed by an employer.[17]

14.    "[F]or an employee to be 'engaged in commerce' under the FSLA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i)

---

[14] See Exhibit "A" - Affidavit of Evans, ¶ 7

[15] 29 U.S.C.A. §203(s)(1)(A)(i);

[16] 29 U.S.C.A. §203(b).

[17] 29 U.S.C.A. §203(e)(1).

working for an instrumentality of interstate commerce, eg., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, eg., regular and recurrent use of interstate telephone, telegraph, mails, or travel."[18]

15. "For an employee to be engaged in the production of goods for commerce an employee's work must be 'closely related and directly essential to the production of goods for commerce."[19]

16. The Plaintiffs did not allege that Evans or Outwest was engaged in interstate commerce in their Original Petition. Outwest operates almost exclusively in Houston and the surrounding area and therefore is not engaged in interstate commerce as that term is defined under FSLA §203(s)(1)(A)(i) or §203(b).[20]

17. Because Evans and/or Outwest do not engage in interstate commerce, Summary Judgment against the Plaintiffs is proper and all causes of action against Evans and Outwest under the FSLA §203(s)(1)(A)(i) should be dismissed.

**B.**     **Summary Judgment under the Fair Labor Standards Act §203(s)(1)(A)(ii):**

**Issue 2:**     The Defendants did not have an annual gross volume of sales made or business done of not less than $500,000 and therefore are not subject to the provisions of the Fair Labor Standards Act §203(s)(1)(A)(ii).

18. Section 203(s)(1)(A)(ii) of the FSLA states:

(s)(1) "Enterprise engaged in commerce or in the production of goods for

---

[18] *Martinez-Pinillos v. Air Flow Filters, Inc.*, 738 F. Supp2d 1268, 1274-75 (S.D. FL. 2010); quoting *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006).

[19] *Id* at p. 1275, Quoting *Thorne* at p. 1268.

[20] See Exhibit "A" - Affidavit of Evans, ¶ 8.

commerce" means an enterprise that -

> (A)(ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated);[21]

19. In 2010 Outwest grossed $62,500. A true and correct copy of Evans' 2010 Federal Income Tax Schedule C, Profit or Loss from Business is attached hereto as Exhibit "B".

20. In 2011, Outwest grossed $82,996.00. A true and correct copy of Evans' 2011 Federal Income Tax Schedule C, Profit or Loss from Business is attached hereto as Exhibit "C".

21. In 2008, Outwest Remodeling grossed $23,336.46. A true and correct copy of Evans' 2008 Federal Income Tax Schedule C, Profit or Loss from Business is attached hereto as Exhibit "D".

22. In 2009, Outwest Remodeling grossed $34,026.20. A true and correct copy of Evans' 2009 Federal Income Tax Schedule C, Profit or Loss from Business is attached hereto as Exhibit "E".

23. Evans' personal salary from Saudi Aramco is not included in the gross volume of sales under the FSLA because he is paid as an employee of another company, not Outwest.

24. The Plaintiffs pled that "Plaintiffs worked for the Defendant for a number of months...without being specific as to the exact year or time period.[22]

25. With the exception of Plaintiff Carlton[23], Evans would submit that the Plaintiffs only

---

[21] 29 U.S.C.A. §203(s)(1)(A)(ii); *See also: Tripodi v. Microculture, Inc.*, 397 F. Supp.2d 1308, 1313 (D. Utah 2005); *Martinez-Pinillos v. Air Flow Filters, Inc*, 738 F. Supp. 1268, 1277 (S.D. FL 2010).

[22] Plaintiffs' Original Complaint, paragraph 5, sentence 3.

[23] See Exhibit "A" - Affidavit of Evans, ¶ 14.

contracted to do work for Outwest during the calender year 2011.[24]

26. As Evans and Outwest did not gross in excess of $500,000 in either tax years 2010 and 2011, they are not an "enterprise engaged in commerce" within the meaning of the overtime provisions of FSLA §203(s)(1)(A)(ii).

27. Summary Judgment against the Plaintiffs is proper and all causes of action against Evans and Outwest under the provisions of FSLA §203(s)(1)(A)(ii) should be dismissed.

C. **Summary Judgment under the Fair Labor Standards Act §203(d) & (e)(1):**

**Issue 3:** The Plaintiffs were subcontractors for the Defendants, not employees, and therefore are not subject to the provisions of the Fair Labor Standards Act §203(d) & (e)(1).

28. Section 203(d) of the FSLA states:

(d) "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.[25]

29. Section 203(e)(1) of the FSLA states:

(e)(1) Except as provided in paragraphs (2), (3), and (4), the term "employee" means any individual employed by an employer.[26]

30. Prior to forming Outwest, Evans operated under Remodeling.[27] Outwest is a limited liability company created by Evans to act as a general contractor for remodeling jobs and

---

[24] See Exhibit "A" - Affidavit of Evans, ¶ 13.

[25] 29 U.S.C.A. §203(d).

[26] 29 U.S.C.A. §203(e). Paragraphs (2), (3) and (4) of Section 203(e) are inapplicable to the instant proceeding.

[27] See Exhibit "A" - Affidavit of Evans, ¶ 5.

new construction for primarily friends, co-workers and referrals.[28]

31. Evans, through Outwest and Remodeling, acts as a general contractor hiring contract workers and trades on an as-needed basis.[29] The only employee of Outwest and/or Remodeling is Evans. The Plaintiffs were independent contractors of Outwest, were paid an hourly rate on an agreed-to amount, and no taxes or social security were withheld from their checks.[30] The Plaintiffs determined the hours they would work and provided their own transportation and tools. The handwritten time sheets disclosed by the Plaintiffs in their Initial Disclosures clearly show that they, and not the Defendants, determined how many hours per day each would work on any jobs for the Defendants. A true and correct copy of the Plaintiffs' Initial Disclosures with the handwritten time sheets are attached hereto as Exhibit "F".

32. As neither Outwest nor Evans is an employer as those terms are defined in the FSLA §203(d) & (e)(1), all causes of action against Evans and Outwest under the provisons of FSLA §203(d) & (e)(1) should be dismissed.

**D.    Summary Judgment under the Texas Labor Code §61.001, et seq.**

**Issue 4:**    The Plaintiffs were subcontractors for the Defendants, not employees, and therefore are not subject to the provisions of the Texas Labor Code §61.001(3), (4) & (5).

33. Section 61.001(3) of the Texas Labor Code ("TLC") states:

"Employee" means an individual who is employed by an employer for compensation. The term does not include:

---

[28] See Exhibit "A" - Affidavit of Evans, ¶ 4.

[29] See Exhibit "A" - Affidavit of Evans, ¶ 4.

[30] See Exhibit "A" - Affidavit of Evans, ¶¶ 10 & 11.

        (B)   an independent contractor.[31]

34.    Section 61.001(4) of the TLC states:

    (4)   "Employer" means a person who:

        (A)   employs one or more employees; or
        (B)   acts directly or indirectly in the interests of an employer in relation to an employee.[32]

35.    Section 60.001(5) of the TLC states:

(5) "Employment" means any service, including service in interstate commerce, that is performed for wages or under a contract of hire, whether written or oral or express or implied. The term does not include any service performed by an individual for wages if it is shown that the individual is free from control or direction in the performance of the service, both under any contract of service and in fact.[33]

36.    "The critical test for distinguishing an employee from an independent contractor is whether the employer has the right to control the progress, details, and methods of operations of the employee's work."[34]

37.    "Some of the factors courts consider in making this determination include: (1) the independent nature of the business; (2) the employer's obligation to furnish necessary tools, supplies, and materials to perform the job; (3) the employee's right to control the progress of the work, except for the final result; (4) the length of time of the employment; and (5) whether the employee is paid by time or by the job."[35]  "An 'employer' must

---

[31] V.T.C.A. Labor Code §61.001(3).

[32] V.T.C.A Labor Code §61.001(4).

[33] V.T.C.A. Labor Code §61.001(5).

[34] *Resolution Trust Corp. v. Texas Moline Ltd.*, 96 F.Supp.2d 644, 648 (S.D.TX 2000). Citations omitted. See also: *Alvarado v. Old Republic Ins. Co.,* 951 S.W.2d 254, 259 (Tex.App.–Corpus Christi 1997).

[35] *Id*, at pp. 648 - 649.

control not merely the end sought to be accomplished, but also the means and details of its accomplishment."[36]

38. "Examples of the type of control normally exercised by an employer include when and where to begin and stop work, the regularity of hours, the amount of time spent on particular aspects of the work, the tools and appliances used to perform the work, and the physical method or manner of accomplishing the end result."[37]

39. An independent contractor, on the other hand, has been defined as any person who, "in the pursuit of an independent business, undertakes to do a specific piece of work for other persons, using his own means and methods, without submitting himself to their control in respect to all its details."[38]

40. "Therefore, although may factors, such as benefits, or training or paycheck deductions for social security and taxes, may contribute to the determination of whether a person is an employee or an independent contractor, the fundamental factor is the right of control.[39]

**1. Donnie Kee:**

41. As to Plaintiff Donnie Kee, he executed a Subcontractor Form which specifically states that he will subcontract for Outwest, provide his own insurance, tools, transportation to job sites, and pay his own taxes. Further it states he will not hold Outwest or Evans responsible for Donnie Kee or any of his employees. A true and correct copy of the

---

[36] *Alvarado*, at p. 259; citing *Thompson v. Travelers Indem. Co.,* 789 S.W.2d 277, 278 (Tex. 1990).

[37] *Id*, at 259; citing *Thompson*, 789 S.W.2d at 278 - 279.

[38] *Pitchfork Land & Cattle Co. v. King*, 346 S.W.2d 598, 602-03 (Tex.1961); *Duran v. Furr's Supermarkets, Inc.*, 921 S.W.2d 778, 786 (Tex.App.–El Paso, 1996, writ denied); *Hoechst Celanese Corp. v. Compton*, 899 S.W.2d 215, 220 (Tex.App.–Houston [14th Dist.] 1994, writ denied).

[39] *Alvarado*, at p. 259; citations omitted.

Subcontractor Form executed by Defendant Donnie Key is attached hereto as Exhibit "G", with his social security number redacted. Clearly, Donnie Key is an independent contractor as that term is defined under the Texas Labor Code.

42. Summary Judgment as to all causes of action by Plaintiff Donnie Key under the Texas Labor Code is appropriate.

### 2. Dale Carlton & Patrick Taylor:

43. Although Evans believes that Plaintiffs Carlton and Taylor also executed Subcontractor Forms, they cannot be located at this time.[40]

44. However, the handwritten time sheets disclosed by the Plaintiffs in their Initial Disclosures clearly show that they, and not the Defendants, determined how many hours per day each would work on any jobs for the Defendants. True and correct copies of the Plaintiffs' Initial Disclosures with handwritten time sheets are attached hereto as Exhibit "F".

45. Evans, through Outwest, would hire Plaintiffs Carlton and/or Taylor on an as needed basis to perform work on various projects such as replacing and painting drywall, hanging cabinets, and any other work that did not require a specific trade ie. a plumber or electrician.[41]

46. With one exception, Plaintiffs Carlton and Taylor were each responsible for their own tools, transportation, meals, and insurance. The only exception was when Plaintiff Carlton and his wife's only vehicle was not running, he was allowed to use vehicles

---

[40] See Exhibit "A" - Affidavit of Evans, ¶ 11.

[41] See Exhibit "A" - Affidavit of Evans, ¶ 7.

      belonging to the Evans family.[42]   As Plaintiff Carlton is Evan's son-in-law, such use of a family vehicle was allowed until his vehicle was repaired.

47.    Evans on behalf of Outwest monitored the work performed by Plaintiffs Carlton and/or Taylor daily and approved the final result of the work done by each.[43]

48.    Under the applicable case law and statutory authority, Plaintiffs Carlton and Taylor were clearly independent contractors and not employees of either Defendant.

49.    Summary Judgment is proper and all causes of action asserted by Plaintiffs Carlton and Taylor under the Texas Labor Code §61.001, et seq. should be dismissed.

## V.  Conclusion

Based upon the foregoing, the Defendants would submit that the provisions of the Fair Labor Standards Act and the Texas Labor Code are inapplicable to their business and summary judgment on all claims, issues, and causes of action plead by the Plaintiffs should be granted. The Plaintiff's Original Complaint should be dismissed.

## VI.  Prayer

**WHEREFORE, PREMISES CONSIDERED**, Defendants Outwest Builders, LLC. and Donald Richard Evans, Jr., pray that this Court grant their Motion for Summary Judgment, dismiss the Plaintiffs Original Complaint, and for such other and further relief, at law and in equity, as this Court deems just.

---

[42]  See Exhibit "A" - Affidavit of Evans, ¶ 11.

[43]  See Exhibit "A" - Affidavit of Evans, ¶ 7.

Respectfully submitted this 27th day of July, 2012.

        **TOW & KOENIG, PLLC.**

        By: */s/ Julie M. Koenig*
            Julie M. Koenig
            Attorney in Charge
            SBA# 14217300
            Fed Id# 10396
            26219 Oak Ridge Drive
            The Woodlands, Texas 77380
            281/681-9100 (Telephone)
            832/682-3979 (Telecopier)
            Jkoenig@towkoenig.com

        Attorney in Charge for the Defendants, Outwest Builders, LLC and Donald Richard Evans, Jr.

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing has been served by Nicole Oakley, a legal assistant in my office, on all of the parties listed below, via either ECF notification or by first class mail, proper postage affixed, on the 27th day of July, 2012.

        */s/   Julie M. Koenig*
        Julie M. Koenig

Dale Carlton
Patrick Taylor
Donnie Kee
c/o Josef F. Buenker
The Buenker Law Firm
1201 Prince Street
Houston, Texas 77008

Josef F. Buenker
The Buenker Law Firm
1201 Prince Street
Houston, Texas 77008