UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DALE CARLTON, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. H-11-3305 |
| | § | |
| OUTWEST BUILDERS, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OF FINDINGS OF FACTS
AND CONCLUSIONS OF LAW**

**I.**

The plaintiffs, Dale Carlton, Patrick Taylor, and Donnie Kee[1], waived a jury trial and presented their case to the Court.  The defendants, Outwest Builders, LLC and Donald Richard Evans, likewise waived a jury and presented their defenses to the Court.  Having received the evidence and reviewed the post-trial briefs, the Court is of the opinion that the plaintiffs should not prevail in their case.

**II.**

The plaintiffs were engaged to perform unskilled remodeling work on a home in College Station, Texas.  It is undisputed that the plaintiff, Carlton, began the job on July 15, 2011, and considered the job completed on August 21, 2011.  However, the defendants inspected the job after Carlton stated that he had completed it and called him back for cleanup and various oversights.  Taylor came to work on August 15 and ended his employment on August 21 along with Carlton.  As it relates to the "call-back", the evidence is clear that the plaintiff worked alongside the defendant, Evans' wife, for a period of time.   However, the evidence is

---

[1] Donnie Kee failed to appear for trial; hence, there is no testimony concerning his relationship with the defendant except that presented through defendant Evans.  That testimony does not support a claim for Kee.  Therefore, his claim is dismissed.

inconclusive concerning the hours worked by Carlton; although it is clear that the hours worked were under 40 over the two to four days.  Nevertheless, it is undisputed that Carlton was not paid for this additional time.

### III.

### A.

The plaintiffs contend that the defendants employed them for a brief period as laborers on a house remodeling project in College Station, Texas.  Carlton additionally claims that he had been engaged by the defendants to remodel a house in the state of Louisiana upon completion of the College Station house.  Pursuant to that expected engagement, Carlton had travelled to Louisiana on two occasions to inspect the house and to assist the defendants in preparing a bid for the job.  However, Carlton was not permitted to handle the Louisiana project because of conflicts over the quality of his work at the College Station project.  Nevertheless, he contends that while at the College Station project he served as a "project manager", giving advice and instruction from time to time to the Louisiana crew.  While it is undisputed that Carlton gave advice to the workers on one or more occasions, it is disputed that he had any oversight duties or was otherwise engaged on the project.

The plaintiffs also contend that the defendants violated the Fair Labor Standards Act ("FLSA") in connection with their pay.  Specifically, the plaintiffs assert that the defendants:  (a) failed to pay for all hours worked during certain weeks; (b) failed to pay time and one-half for hours worked over 40 during certain weeks; and, (c) failed to maintain accurate records of the hours worked by the plaintiffs even though they were required to do so, citing to 29 U.S.C. § 211(c); 29 C.F.R. § 516.  Finally, the plaintiffs contend that they agreed to pay at the rate of $150 per day by Carlton and $100 per day by Taylor.  They testified, however, that these day rates

were based on an 8-hour day, 40 hours per week basis resulting in an hourly rate of $18.75 and $12.50, respectively.

**B.**

The defendants contend that the plaintiffs were independent contractors and were employed for a brief period on a remodeling/construction project. They assert that the Louisiana project was the first time that they accepted a job outside Texas. And, they contend that the rate paid to the plaintiffs was based on their skills and the skills necessary for the various tasks to be completed. The plaintiffs were permitted to determine their own hours of work and they worked only three to four days per week. It was the plaintiffs' responsibility to supply their own tools, equipment, transportation, and for their insurance and taxes. At the end of the work period, chosen by the plaintiffs, they turned in their hours to be paid. Nevertheless, the defendants contend, the plaintiffs billed the defendants far in excess of the hours actually worked. Finally, the defendants contend that the plaintiffs' case fails because there is no "interstate commerce" connection.

**IV.**

The plaintiffs and the defendants agree that there are two questions presented by this case: (a) whether the plaintiffs were independent contractors; and (b) whether the plaintiff(s) was involved in interstate commerce in carrying out his/their job functions.

**A.**

The Court is of the opinion that neither Carlton nor Taylor was engaged in interstate commerce in relation to their work. For a worker to be covered by the FLSA, the worker must regularly use interstate commerce in the performance of his work. *See Mitchell v. E. G. Shinner*

*& Co.*, 221 F.2d 260 (7th Cir. 1955); *see also Mitchell v. C. W. Vollmer & Co.*, 349 U.S. 427, 429 (1955). "The test is whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than an isolated local activity." 349 U.S. at 429.

In the case at bar, the evidence in its best light, reveals that Carlton traveled to Louisiana on one or two occasions to assist Evans in preparing a bid for a job to be performed in Louisiana. However, Carlton did not perform any of the work related to the job and had no written or oral agreement concerning the job. Even though Carlton contends that he anticipated getting paid for the bid trips, he does not dispute that his efforts were in anticipation of getting the job. In other words, his trips to Louisiana were not the work to be performed, but to help secure the job that he intended to perform. This activity is, at best, isolated, sporadic and, therefore, insufficient to constitute work associated with a job in interstate commerce.

Equally unavailing is Carlton's claim that he talked with Evan Babbit daily concerning problems that Babbit and his co-workers encountered on the Louisiana job. Carlton does not suggest that he was engaged by the defendants to assist with the Louisiana job. Nor does he seek compensation for his advice by this suit. The Court sees Carlton's involvement with Babbit as simply a courtesy, based on his experience and perhaps in anticipation that he would either be engaged on the job or other jobs for the defendant. Irrespective of the frequency of his discussions with Babbit, they do not rise to the level of "work" in interstate commerce. *Id.* With regard to Taylor, the evidence is undisputed that his engagement was only at College Station.

**B.**

Finally, the Court is of the opinion and concludes that the plaintiffs were not employees of the defendant. The plaintiffs assert that in order for the Court to determine whether the plaintiffs were employees, the Court "should focus on whether, as a matter of economic reality, the worker is economically dependent upon the alleged employer or instead is in business for himself," citing to *Herman v. Express Sixty-Minutes Delivery Serv., Inc.*, 161 F.3d 299, 303 (5th Cir. 1998).

The plaintiffs testified that they were free to choose their hours of work. They were not supervised in the sense that they were instructed in the course of the work. Hence, the plaintiffs chose when to do a task. Ultimately, Evans inspected the job to determine performance and quality, but not the order of work. The plaintiffs and the defendants agree that they negotiated a daily rate as opposed to an hourly rate. And, there is no evidence that the plaintiffs anticipated that part of their earnings would be withheld for taxes. The Court concludes that the defendants did not have managerial responsibility or substantial control over the terms and conditions of the plaintiffs' employment. *See* 29 U.S.C. § 216(b) and 203(d). Because the plaintiffs determined the hours and days that they worked and were not otherwise supervised in the various tasks, the Court concludes that they were not "employees" of the defendants.

It is so ORDERED.

SIGNED at Houston, Texas this 27th day of September, 2012.

Kenneth M. Hoyt
United States District Judge